RICHMOND W. HOWLAND and EUGENE HOWLAND, Plaintiffs in Error,

*vs.*

THOMAS C. JENKS, Defendants in Error.

ERROR TO RACINE CIRCUIT COURT.

When a party is called as a witness in his own behalf, in pursuance of the statute the regular course of examination must be pursued, as in respect of other witnessess.

A party calling a witness has, as a general rule, the right to examine him without interruption from the opposite party.

Exceptions to this rule noted.

On the trial of this case, Richmond W. Howland, one of the defendants, was called and sworn as a witness on the part of the defendants. During the examination of the witness by the defendants' counsel, the counsel for the plaintiff interrupted the examination by propounding to the witness a question relative to the subject matter of inquiry, but not relating to his interest, or in any manner pertaining to cross-examination. The defendants' counsel objected to the interruption because he was not through with the direct examination of the witness.

The Court decided, that when the parties are on the stand as witnesses, they may be fully examined by the opposite party, whether such examination is a legitimate cross-examination, or otherwise; to which decision the counsel for the defendants excepted.

*Paine & Millett* for the plaintiffs in error.

*Lyon & Adams* for the defendant in error.

*By the Court*, SMITH J.   We have been furnished with no briefs and but meager argument, probably for the reason that counsel did not think the question of sufficient importance to require a brief of points or reterence to authorities.   But we have looked into the record, and upon its inspection are of the opinion that the court below erred, in permitting the counsel for the plaintiff in error to be interrupted in the examination of the party called as a witness.   The statute allows a party to be examined as a witness.   Being a witness the regular course of examination must be pursued.   If it were otherwise, inextricable confusion would result.   There are some occasions on which the opposite party will be permitted to arrest, or rather .interrupt the examination of an adverse witness, such as the inquiry as to written evidence as to the same matter sought to be elicited oially; such as the interest of the witness, and the like,   But this case is not of that character.   The court below erroneously allowed the witness to be taken from the examination of the party calling him.   The effect of this error may have been fatal to the rights of the plaintiffs in error.   At all events we cannot hold it to be immaterial.

Judgment reversed with costs.